## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Ann Marroquin | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | **)** | |
| | **)** | |
| v. | ) | |
| | ) | |
| Forster & Garbus, LLP | ) | |
| 60 Motor Parkway | ) | |
| Commack, NY 11725-0231 | ) | |
| | ) | July Demand Requested |
| | **)** | |
| | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

Now comes Plaintiff, by and through his attorneys, and, for her Complaint alleges as follows:

1. Plaintiff, Ann Marroquin, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Forster & Garbus, LLP. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any type of materially deceptive statement in a communication in connection with the attempt to collect a debt. 15 U.S.C. Section 1692e.

3. The Seventh Circuit Court of Appeals held it is a violation of 15 U.S.C. Section 1692e to suggest possible outcomes that are legally impossible. *Lox vs. CDA, Ltd.* 689 F.3d 818 (7th Cir. 2012)

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

5. Venue is proper because a substantial part of the events giving rise to this

claim occurred in this District.

## STANDING AND INJURY

6.  Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

7.  Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

8.  The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

9.  As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## PARTIES

10. Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

11. Plaintiff is a resident of the State of Illinois.

12. Defendant ("Forster & Garbus, LLP) is a New York business entity with an address of 60 Motor Parkway, Commack, NY 11725-0231 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

13. Unless otherwise stated herein, the term "Defendant" shall refer to Forster & Garbus, LLP.

14. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

15. At all relevant times, Defendant owned the Debt or was retained to collect the Debt.

16. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the

definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

## FACTS APPLICABLE TO ALL COUNTS

17. On or about February 20, 2016, the Defendant sent Plaintiff an initial Dunning letter. See Exhibit A.

18. Said letter states the balance is $1507.01 and the minimum payment, due on March 16, 2016 is $348. See Exhibit A.

19. In the letter it stated the following "[T]he Minimum Amount Due shown above is the minimum amount owed as of the date of this letter. Depending on your account agreement with the creditor, interest, late charges and other charges may continue accrue on your account." See Exhibit A.

20. Defendant is telling Plaintiff that it is possible that the minimum payment due on March 16, 2016 may increase from the time Plaintiff receives this letter to the time of March 16, 2016. This is not legally possible.

21. As stated in *Lox vs. CDA, Ltd.* 689 F.3d 818 (7th Cir. 2012), a debt collector may not suggest possibilities that can not legally take place.

## FAIR DEBT COLLECTION PRACTICE ACT VIOLATION

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

23. Defendant violated 15 U.S.C. Section 1692e in that it misled Plaintiff by suggesting an outcome that could not legally take place.

24. Defendant violated 15 U.S.C. Section 1692e in that it misrepresented the status of the debt.

25. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

## JURY DEMAND

(1) Plaintiff demands a trial by jury.

Respectfully submitted,

/s/ John Carlin

John P. Carlin #6277222
Suburban Legal Group, P.C.
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff